UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-400-RJC
(3:11-cr-301-RJC-DSC-1)

| | |
|---|---|
| ALVIN LEE EDGE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The United States filed an unopposed Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance pursuant to Beckles v. United States. (Doc. No. 4).

  **I. BACKGROUND**

Petitioner was found guilty by a jury of a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (3:11-cr-301, Doc. No. 30). The Presentence Investigation Report ("PSR") set the base offense level at 24 because Petitioner had at least two prior felony convictions for a crime of violence. (Id., Doc. No. 44 at ¶ 15); see U.S.S.G. § 2K2.1(a)(2) (2012). No Chapter Four enhancements were added. (3:11-cr-301, Doc. No. 44 at ¶ 21). The PSR scored 17 criminal history points and a criminal history category of VI. (Id., Doc. No. 44 at ¶¶ 45-46). The resulting guidelines imprisonment range was 100 to 120 months. (Id., Doc. No. 44 at ¶ 121).

The Court sentenced Petitioner within the advisory guideline range to 120months' imprisonment followed by three years of supervised release. (Id., Doc. No. 49). The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence but remanded for correction of the Judgment to move a "no contact" provision from the imprisonment section to the supervised release section of the judgment. United States v. Edge, 576 Fed. Appx. 275 (4th Cir. 2014). The United States Supreme Court denied certiorari on November, 3, 2014. Edge v. United States, 135 S.Ct. 466 (2014). The Court docketed a corrected Judgment on September 17, 2014. (3:11-cr-301, Doc. No. 71).

On June 17, 2016, Petitioner filed the instant § 2255 Motion to Vacate through counsel, arguing that his prior convictions no longer qualify as "crimes of violence" pursuant to Johnson and thus cannot support an enhanced offense level pursuant to Section 2K2.1. (Doc. No. 1). The Court ordered the Government to respond, but instead, it filed an unopposed motion to stay this action pending the United States Supreme Court's decision in Beckles v. United States. On March 6, 2017, the Supreme Court held that the advisory guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017).

**II.    STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner argues that the enhanced base offense level pursuant to Guidelines § 2K2.1(a) does not apply to him because his prior North Carolina convictions for common law robbery and second-degree arson are not "crimes of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Because Johnson does not apply to the Sentencing Guidelines, Petitioner's § 2255 Motion to Vacate is time-barred and meritless. See Beckles, 137 S.Ct. at 894; 28 U.S.C. § 2255(f)(3); United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

to vacate). The instant § 2255 Motion to Vacate is therefore dismissed with prejudice as time-barred and, alternatively, denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses and denies Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Respondent's Motion to Place Motion under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 4), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 17, 2018

Robert J. Conrad, Jr.
United States District Judge